108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert W. JENNINGS, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Respondent-Appellee.
 No. 95-3402.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.[1]
Decided March 13, 1997.
Rehearing Denied April 15, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Robert W. Jennings filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, raising due process challenges to disciplinary proceedings conducted while he was a pretrial detainee[2] at the Correctional Industry Complex in Pendleton, Indiana.
 
 
 2
 In March 1994, a prison disciplinary committee found petitioner guilty of conspiracy to deal in marijuana. The committee imposed sanctions of two years' disciplinary segregation, a written reprimand, transfer to a higher security facility, and demotion of time-earning class from Class I to Class III.[3] Petitioner contends that his due process rights were violated because the disciplinary committee had no authority to punish him due to his status as a pretrial detainee. The district court denied the petition.
 
 
 3
 Petitioner does not argue that he was denied the procedural protections required by Wolff v. McDonnell, 418 U.S. 539 (1974). In fact, he argues that the district court erred in relying on Wolff, because that case does not apply when the "restraint is clearly meant to be punishment." (Appellant's Brief, p. 11)
 
 
 4
 Pretrial detainees may not be punished for the crime that led to the pretrial detention. Bell v. Wolfish, 441 U.S. 520 (1979) ("a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"). This does not mean that the prison officials have no means of disciplining or deterring misconduct which occurs while the detainee is incarcerated and awaiting trial. Imposing sanctions on a particular detainee for misconduct which occurred while incarcerated falls under the legitimate governmental purpose of maintaining security and safety within the prison. See Id. at 540 (maintaining safety, internal order, and security within the penal institution is a legitimate governmental objective).
 
 
 5
 In this case, in contrast to Bell v. Wolfish,[4] the sanctions imposed by the prison authorities were clearly meant as punishment. See Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir.1995) ("We agree that the [disciplinary] measure [imposed on pretrial detainee] is punishment, but we disagree that it is improper"). But the sanctions imposed on petitioner here were not punishment for the prior unproved criminal conduct which led to petitioner's pretrial detention; they were imposed as punishment for the violation of prison rules. The disciplinary sanctions were not imposed in place of a valid conviction.
 
 
 6
 Bell does not create a Constitutional prohibition against the discipline of pretrial detainees. See Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir.1996) ("pretrial detainees are [not] free to violate jail rules with impunity"). The Court in Bell recognized the need for preserving "internal order and discipline" among pretrial detainees. 441 U.S. at 546-47 & n. 28. The First Circuit explained this necessary deference to prison authorities disciplining pretrial detainees:
 
 
 7
 This recognition [by the Supreme Court in Bell of the government's interest in maintaining security and order in prisons] is a clear approval of a broad exercise of discretion by prison authorities to take reasonable and necessary action, including punishment, to enforce the prison disciplinary regime and to deter even pretrial detainees from violation of its requirements. What the Constitution prohibits is the undue expansion of the exercise of such authority for the purpose, or with the unintended effect, of punishing the pretrial detainee for the acts that are the basis for his prosecution and his consequent pretrial detention. In other words, reasonable punishment may be imposed to enforce reasonable prison disciplinary requirements but may not be imposed to sanction prior unproven criminal conduct. Recognizing the need to accord prison officials considerable latitude in matters of internal discipline, we will not interfere with the execution of reasonable means, such as the internal discipline effort involved here, adopted by the BOP to achieve a legitimate government objective. Collazo-Leon v. U.S. Bureau of Prisons, 51 F.3d 315, 318 (1st Cir.1995).
 
 
 8
 This Circuit has not directly decided whether a pretrial detainee has the right to procedural due process in connection with a punishment for disciplinary infractions, although we indicated in dicta in Whitford v. Boglino, 63 F.3d 527, 531 n. 4 (7th Cir.1995), that a due process hearing is required. Cf. Zarnes v. Rhodes, 64 F.3d 285, 291 & n. 5 (7th Cir.1995) (holding that segregation of detainee without a hearing did not violate due process where it was done for legitimate security reasons, and declining to hold that every placement in administrative segregation of pretrial detainee constitutes punishment).
 
 
 9
 The Ninth Circuit recently held that a due process hearing is necessary before imposing disciplinary segregation on a pretrial detainee. Mitchell v. Dupnik, 75 F.3d 517, 524 & n. 4 (9th Cir.1996) ("pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule"; "[i]ndeed, a due process hearing helps to ensure that disciplinary punishment is what it purports to be, rather than punishment in advance of conviction for the crime that led to detention"). See also Johnson-El v. Fitzgerald, No. 95 C 7428, 1997 WL 31001 at * 3 (N.D.Ill. Jan. 22, 1997) (before pretrial detainee "could be placed in disciplinary segregation ... [he] had to be provided with the usual due process protections, including a hearing and the right to present a defense").
 
 
 10
 It is not necessary to explore the question further here. Even if petitioner had the right to procedural due process, he expressly denies raising a claim that the process he received was constitutionally inadequate.
 
 
 11
 Because prison officials had the authority to punish a pretrial detainee for misconduct which occurred during his pretrial incarceration, and because petitioner received the process which was due him, the district court did not err in denying the petition for writ of habeas corpus.
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The misconduct occurred on February 6, 1994. The disciplinary sanction was imposed on March 15, 1994. The criminal conviction for arson, burglary, and theft, along with a consecutive 30-year term due to his classification as an habitual offender, resulted in a sentence totaling 67 years' imprisonment, which was imposed on October 6, 1994, with 397 days' credit for time served
 
 
 [3]
 See Ind.Code §§ 35-50-6-3(a), 35-50-6-4(a)
 
 
 [4]
 Bell involved the question of whether general jail conditions constituted punishment